**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THE SAMUEL LAW FIRM
Michael Samuel, Esq. (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
Attorneys for Plaintiff (Pending Pro Hac Vice application)

LAW OFFICE OF REENA FORST
Reena Forst, Esq. (Attorney ID No. 016051992)
345 Union Street
Hackensack, New Jersey 07601
T/P: (201) 568-5689
Fax: (201) 568-4479
Email: rforst@rflawfirm.com
Co-Counsel for Plaintiff

| | |
|---|---|
| Juan Lainez, individually and on behalf of others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>Feiben Express Inc., YunExpress USA Inc., Xuexuan Wang, and John Doe,<br><br>*Defendants.* | **DOCKET NO. 3:25-cv-17090**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**COLLECTIVE ACTION**<br>**CLASS ACTION** |

Plaintiff Juan Lainez (hereinafter "Plaintiff Lainez" or "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, by and through his undersigned attorneys, for his complaint against defendants Feiben Express Inc., YunExpress USA Inc., Xuexuan Wang, and John Doe (hereinafter collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, on behalf of himself and all other persons similarly situated, current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) unpaid overtime compensation for hours worked in excess of forty (40) hours per workweek for which he did not receive the statutory required overtime premium pay; and (ii) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA, because the Defendants' various unlawful employment policies, patterns and/or practices were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage, as required by the New Jersey State Wage and Hour Law ("NJWHL"), §§ 34:11-56a et seq. and New Jersey Wage Payment Law ("NJWPL"), § 34:11-4.2; (ii) unpaid overtime compensation for overtime work for which Defendants willfully failed to pay overtime premium pay, as required by the New Jersey Administrative Code ("NJAC") § 12:56-6.1 et seq. and NJWPL, § 34:11-4.2; (iii) liquidated damages in the amount up to 200% of the actual unpaid wages due, as a result of Defendants' knowing and willful failures to pay wages of at least the minimum wage and overtime compensation, provide wage statements and hiring notices and to maintain accurate payroll records, as required by the NJWHL, NJWPL, and the New Jersey Wage Theft Law ("NJWTL").

3. As a result of the Defendants' willful violations above, Plaintiff further seeks to recover from Defendants reasonable attorneys' fees, expert fees, costs and disbursements incurred in connection with this action, pursuant to the FLSA, NJWHL, NJWPL, NJAC and NJWTL and interest as permitted by law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## THE PARTIES

**Plaintiff.**

6. Plaintiff Juan Lainez (hereinafter "Plaintiff Lainez" or "Plaintiff") is an adult individual residing in Elizabeth, New Jersey.

7. Plaintiff Lainez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

**Prime Contractor Defendant.**

8. YunExpress USA Inc. (hereinafter "YunExpress USA Inc." or the "Prime Contractor") is a domestic business corporation, organized under the laws of the State of California, with a place of business at 400 Salt Meadow Road, Carteret, New Jersey 07088.

9. At all relevant times, defendant YunExpress USA Inc., either directly and/or through entities affiliated with or controlled by it, entered into contracts with public entities, including but not limited to, warehouse facilities for logistics and e-commerce fulfillment services, primarily within New Jersey.

10. At all relevant times, defendant YunExpress USA Inc., acting as the Prime Contractor at such facilities, retained subcontractors, including Feiben Express Inc., to perform certain

warehouse operations.

11. At all relevant times, defendant YunExpress USA Inc. as the Prime Contractor remained jointly and severally liable under the FLSA, 29 U.S.C. §§ 201 et seq., and New Jersey labor laws for ensuring that all subcontractors at its facilities complied with wage and hour requirements for workers employed thereon.

12. At all relevant times, defendant YunExpress USA Inc. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Upon information and belief, at all relevant times, defendant YunExpress USA Inc. has had gross revenues exceeding $500,000.00.

14. Upon information and belief, at all relevant times herein, defendant YunExpress USA Inc. has used goods and materials produced in interstate commerce and have employed individuals who handled such goods and materials.

**Subcontractor Defendants.**

15. Defendant Feiben Express Inc. is a domestic business corporation organized under the laws of the State of New York with a place of business at 400 Salt Meadow Rd, Carteret, New Jersey 07008.

16. At all relevant times, defendant Feiben Express Inc. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. Upon information and belief, at all relevant times, defendant Feiben Express Inc. has had gross revenues exceeding $500,000.00.

18. Upon information and belief, at all relevant times herein, defendant Feiben Express

Inc. has used goods and materials produced in interstate commerce and have employed individuals who handled such goods and materials.

19. At all times relevant herein, individual defendant Xuexuan Wang is/was an owner or part owner and principal of Feiben Express Inc., who has the power to hire and fire employees, set wages and schedules, and maintain their records, including those of Plaintiff.

20. At all times relevant herein, individual defendant John Doe is/was an owner or part owner and principal of Feiben Express Inc., who has the power to hire and fire employees, set wages and schedules, and maintain their records, including those of Plaintiff.

21. At all times relevant herein, defendants Xuexuan Wang and John Doe are/were involved in the day-to-day operations of Feiben Express Inc., and played an active role in managing its business, including managing and supervising Plaintiff.

**Defendants Jointly Constitute "Joint Employers" within the meaning of the FLSA.**

22. At all relevant times, defendants Feiben Express Inc., Xuexuan Wang and John Doe (hereinafter collectively the "Subcontractor Defendants") have owned and operated warehouse services business that regularly provided logistics and fulfillment labor at worksites in New Jersey, including Carteret.

23. At all relevant times, YunExpress USA Inc., acting as the primary operator at such facilities, retained Feiben Express Inc. as the subcontractor to perform warehouse services at 400 Salt Meadow Road, Carteret, New Jersey.

24. At all relevant times, Subcontractor Defendants employed Plaintiff to perform warehouse work, including unloading and classifying packages at 400 Salt Meadow Road, Carteret, New Jersey.

25. At all times relevant hereto, Plaintiff worked for Subcontractor Defendants and was

a covered employee of Subcontractor Defendants within the meaning of the FLSA, NJWHL, and other applicable laws.

26. Plaintiff's work throughout his employment by Subcontractor Defendants was performed in the normal course of the Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

27. At all relevant times herein, Plaintiff was an employee of Subcontractor Defendants engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. At all relevant times herein, defendants Feiben Express Inc., Xuexuan Wang and John Doe constituted an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NJWHL, and are therefore jointly and severally liable for Plaintiff's claims.

29. At all relevant times herein, defendants YunExpress USA Inc., Feiben Express Inc., Xuexuan Wang and John Doe jointly exercised unified control over labor relations at Carteret worksite.

30. At all relevant times herein, defendants YunExpress USA Inc., Feiben Express Inc., Xuexuan Wang and John Doe jointly applied the same unlawful employment policies, practices, and procedures alleged herein to the Subcontractor Defendants' employees, including Plaintiff.

31. At all relevant times herein, defendants YunExpress USA Inc., Feiben Express Inc., Xuexuan Wang and John Doe jointly exercised control over the employment of the Subcontractor Defendants' employees, including Plaintiff, and are/were jointly responsible for hiring, firing, supervising, managing, scheduling, assigning job duties, maintaining employment records, determining and paying wages and other compensation to the Subcontractor Defendants' employees, including Plaintiff.

32. At all relevant times herein, defendants YunExpress USA Inc., Feiben Express Inc., Xuexuan Wang and John Doe constituted "joint employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NJWHL, and are therefore jointly and severally liable for Plaintiff's claims.

## COLLECTIVE ACTION ALLEGATIONS

33. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since October 31, 2022, to the entry of judgment in this case (the "Collective Action Period"), as warehouse employees, who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "FLSA Collective Action Members").

34. The FLSA Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage, and/or overtime premium pay for hours worked beyond forty hours in a week.

35. The FLSA Collective Action Members are further similarly situated to Plaintiff in that as part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Action Members. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the statutory minimum wage and the overtime premium.

36. Plaintiff and the FLSA Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

37. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

38. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

39. Defendants had knowledge that Plaintiff and the FLSA Collective Action Members regularly performed work requiring overtime pay.

40. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith – and has caused significant damages to Plaintiff, as well as the FLSA Collective Action Members.

41. The exact number of such individuals is presently unknown but is known by Defendants and can be ascertained through appropriate discovery.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the FLSA Collective Action Members, and as such, notice should be sent to the FLSA Collective Action Members.

**CLASS ACTION ALLEGATIONS**

43. Plaintiff brings his New Jersey state law claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and a class of persons consisting of all warehouse employees who are/were employed by Defendants on or after the date that is six years before the filling of the Complaint in this case as defined herein (the "Class Period").

44. All said persons, including Plaintiff, are referred to herein as the "Class".

45. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants'

records. For purpose of notice and other purposes related to this action, their names and address are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

***Numerosity***

46. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

***Commonality***

47. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of applicable state law;

b. Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the applicable state labor law;

c. Whether Plaintiff and Class members are entitled to be paid overtime under the applicable state labor law;

d. Whether Defendants maintained a policy, pattern, and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the New York Labor Law or similarly applicable labor laws of other states;

e. Whether Defendants maintained a policy, pattern, and/or practice of failing to provide requisite statutory meal periods;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

g. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiff and the Rule 23 Class on each payday; and

h. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class Members for their work.

***Typicality***

48. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime, and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

49. Plaintiff can fairly and adequately protect the Interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

51. Upon information and belief, Defendants and other employers throughout the nation violate applicable state labor laws. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FACTS**

52. At all relevant times herein, defendants Feiben Express Inc., Xuexuan Wang and John Doe owned and operated a warehouse business located at 400 Salt Meadow Rd, Carteret, New Jersey.

53. Consistent with their regular business practices, policies and patterns as described herein, Defendants harmed Plaintiff Lainez, individually, as follows.

54. Plaintiff Lainez was employed by Defendants from approximately May 1, 2025, until October 1, 2025, with duties including taking packages out of a truck to put them on a table so that other employees could classify them.

55. During his employment by Defendants, from May 1, 2025, through October 1, 2025, Plaintiff Lainez worked a regular schedule of seven days per week as follows: Monday through Sunday, from 6:00 p.m. to 9:00 a.m., typically working approximately 105 hours per week, with a 30-minute break each day.

56. Throughout his employment by Defendants, Plaintiff Lainez was paid weekly by check on a hourly basis and received approximately 1400 per week.

57. As a result, throughout his employment by Defendants, Plaintiff Lainez' effective hourly rates of pay were below the statutory New Jersey State minimum wage in effect at relevant times.

58. Throughout his employment with Defendants, Plaintiff Lainez was not paid an overtime premium at a rate at least one-and-one-half times the regular rate of pay for each hour of

work performed in excess of forty hours per workweek.

59. Throughout his employment by Defendants, Plaintiff Lainez received no paystubs or wage statements of any sort with his pay.

**Defendants' General Unlawful Employment Practices**

60. Throughout his employment by Defendants, Plaintiff's effective hourly rates of pay were below the statutory New Jersey State minimum wage in effect at relevant times.

61. Defendants' failure to pay Plaintiff an amount at least equal to the New Jersey State minimum wage in effect during relevant time periods was willful and lacked a good faith basis, because Defendants set Plaintiff's rate of pay and paid him weekly.

62. In addition, Defendants failed to pay Plaintiff overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the NJAC.

63. Defendants' failure to pay Plaintiff overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and rate of pay, were aware that Plaintiff was working in excess of forty hours per week during his employment and paid him weekly.

64. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to provide Plaintiff with accurate pay stubs and/or wage statements in violation of the FLSA, NJWPL, NJWHL and NJWTL.

65. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to provide Plaintiff with a written notice providing the information including, *inter alia*, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any

time thereafter, in violation of the FLSA, NJWPL, NJWHL and NJWTL.

66. Upon information and belief, at all relevant times herein, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

67. Due to Defendants' failure to maintain full and accurate time records and provide accurate wage notices and/or wage statements, Plaintiff was unable to determine his correct rate of pay, suffered confusion about his pay rate and overtime eligibility, and was unable to make informed decisions about his work hours, causing him to suffer actual monetary losses.

68. Upon information and belief, throughout Plaintiff's employment periods with Defendants, and throughout the Collective Action Period, Defendants have likewise employed other individuals like Plaintiff (the "FLSA Collective Action Members") in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

69. Upon information and belief, Defendants applied the same employment policies, practices, and procedures to Plaintiff and all FLSA Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

70. Upon information and belief, Defendants have likewise failed to pay these other individuals the statutory minimum wage, in violation of the FLSA and NJWHL.

71. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

72. Upon information and belief, these other individuals were likewise not provided with required accurate and sufficient wage notices, and/or weekly wage statements, in violation of the FLSA, NJWPL, NJWHL and NJWTL.

73. Upon information and belief, while Defendants employed the FLSA Collective Action and Class Members, and through all relevant time periods, Defendants likewise failed to maintain full and accurate time records and/or provide these records to their employees.

74. Upon information and belief, while Defendants employed Plaintiff and the FLSA Collective Action and Class Members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum/regular wage pay rates, overtime pay rates and payday, as required by the FLSA, NJWHL and New Jersey State Department of Labor.

75. As a result of their unlawful regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith violated the FLSA, NJWPL, NJWHL, NJAC and NJWTL, causing significant harm and damage to Plaintiff and other FLSA Collective Action and Class Members through a consistent pattern or policy of these violations.

## COUNT I
## Violations of the Fair Labor Standards Act
## (Failure to Pay Overtime Compensation)

76. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times herein, Plaintiff and each of the FLSA Collective Action and Class Members are/were covered employees within the meaning of the FLSA.

78. At all relevant times herein, Defendants are/were employers of Plaintiff and each of the FLSA Collective Action and Class Members within the meaning of the FLSA.

79. Throughout the relevant time period, Plaintiff and the FLSA Collective Action and Class Members worked for Defendants in excess of forty (40) hours per workweek.

80. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

81. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

82. At all relevant times, Defendants had, and continue to have, a pattern and practice of regularly and repeatedly refusing to pay overtime compensation at the statutory overtime rate to Plaintiff and each of the FLSA Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, the NJWHL and other applicable laws.

83. As a result of the Defendants' willful and intentional failure to pay Plaintiff and each of the FLSA Collective Action Members their overtime compensation, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

84. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

85. Due to the Defendants' FLSA violations, Plaintiff and each of the FLSA Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages equal to the amount of unpaid wages, as provided by the FLSA,

reasonable attorneys' fees, costs and disbursements of this action, and such other legal and equitable relief as this Court deems just and proper.

**COUNT II**
**New Jersey Administrative Code ("NJAC")**
**(Failure to Pay Overtime Compensation)**

86. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

87. At all relevant times, Plaintiff was employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the NJWHL.

88. NJAC § 12:56-6.1 et seq. requires employers to compensate their employees at a rate not less than one and one-half times their regular hourly rates of pay, or one and one-half times the minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

89. NJWHL § 34:11-56a25 provides that an employer who fails to pay the full amount of overtime compensation to an employee as required may be required to pay liquidated damages up to 200 percent of the wages due, together with the reasonable attorney's costs and fees as determined by the court.

90. Throughout the relevant time period, Plaintiff worked for Defendants in excess of forty (40) hours per workweek, each week, yet Defendants willfully and knowingly failed to pay overtime compensation to Plaintiff at one and one-half times the hourly rate to which Plaintiff is entitled, in violation of the NJAC overtime provisions.

91. Defendants' failure to pay Plaintiff his overtime compensation was willful and lacked a good faith basis, within the meaning of the NJAC and NJWHL, because Defendants set Plaintiff's

work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

92. Due to the Defendants' NJAC violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages up to 200% of the unpaid portion of the full amount of wages due, reasonable attorneys' fees and costs and disbursements of the action, as provided by the NJWHL, § 34:11-56a25, and interest as permitted by law.

**COUNT III**
**Violation of New Jersey Wage and Hour Law (NJWHL)**
**(Failure to Pay Minimum Wage)**

93. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

94. At all relevant times, Plaintiff was employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the NJWHL.

95. NJWHL §§ 34:11-56a et seq. prescribes a minimum wage that employers must pay to their employees for the first forty hours worked in a workweek.

96. NJWHL § 34:11 56a25 provides that an employer who fails to pay the full amount of wages to an employee as required may be required to pay liquidated damages up to 200 percent of the wages due, together with the reasonable attorney's costs and fees as determined by the court.

97. Defendants willfully violated the NJWHL by knowingly and intentionally failing to compensate Plaintiff at the minimum wage rate, in violation of the NJWHL.

98. Defendants' failure to compensate Plaintiff at the minimum wage rate required by the NJWHL was willful and lacked a good faith basis, within the meaning of the NJWHL, because

Defendants set Plaintiff's rate of pay and paid him weekly.

99. Due to the Defendants' NJWHL violations, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages up to 200% of the unpaid portion of the full amount of wages due, reasonable attorneys' fees and costs and disbursements of the action, as provided by the NJWHL, § 34:11-56a25, and interest as permitted by law.

**COUNT IV**
**Violation of New Jersey Wage Payment Law (NJWPL)**
**(Failure to Pay Full Amount of Wages)**

100. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

101. At all relevant times, Plaintiff was employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the NJWHL.

102. NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

103. At all times relevant herein, Plaintiff worked for Defendants in excess of forty (40) hours per workweek. However, Defendants paid Plaintiff only flat weekly wages at rates below the statutory minimum wage in effect during the relevant time periods; and failed to pay Plaintiff any overtime premium for all hours worked beyond forty per week, in violation of the NJWPL, and its implementing regulations. As a result, Plaintiff was not paid the full amount of wages due to him under the NJWHL and NJAC.

104. Defendants' failure to compensate Plaintiff in the full amount of wages due to him,

as required by the NJWPL, was willful, and lacked a good faith basis, within the meaning of the NJWHL, because Defendants set Plaintiff's schedule and wages and paid Plaintiff weekly during his employment by Defendants.

105. Due to the Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants the unpaid portion of the full amount of wages due, liquidated damages up to 200% of the unpaid portion of the full amount of wages due, reasonable attorneys' fees and costs and disbursements of the action, as provided by the NJWHL, § 34:11-56a25, and interest as permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Action and Class Members respectfully requests that this Court enter judgment granting the following relief:

a. Designation of this action as a collective and class action on behalf of Plaintiff and the Collection Action and Class Members and prompt issuance of notice pursuant to 29. U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, and Class pursuant to Fed. R. Civ. P. 23, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Action and Class Members;

b. A declaratory judgment that the practices complained of herein are unlawful and in violation of the FLSA, NJWPL, NJWHL, NJAC and NJWTL;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid overtime compensation, at the statutory overtime rate, due under the FLSA, NJWPL, NJAC and NJWHL;

e. A compensatory award of unpaid regular wage compensation, at the applicable statutory rate, due under the FLSA, NJWPL, NJAC and NJWHL;

f. An award of liquidated damages as a result of Defendants' knowing and willful failure to pay the applicable minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

g. An award of liquidated damages in the amount up to 200% of the actual unpaid wages due, as recoverable by the NJWHL, NJAC and NJWPL;

h. An award of reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b), NJWPL, §34:11-1, et seq., the NJWHL, §34:11-56a, et seq., and the NJWTL, §34:11-56a, et seq.;

i. An award of costs and disbursements incurred in connection with this action;

j. An award of prejudgment and post-judgment interest;

k. Such other, further, and different relief as this Court deems just and proper.

Dated: Hackensack, New Jersey
October 31, 2025

Respectfully submitted,

By: *___/s/ Reena Forst___*

Reena Forst, Esq.
(Attorney ID No. 016051992)
LAW OFFICE OF REENA FORST
345 Union Street
Hackensack, New Jersey 07601
T/P: (201) 568-5689
Fax: (201) 568-4479
Email: rforst@rflawfirm.com
*Attorneys for Plaintiff*